JS - 6

O

cc: order, docket, remand letter to
Imperial County Superior Court, Civil,
El Centro, No. ECU06993

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA BRISEÑO AND ANGEL BRISEÑO, <br><br> Plaintiff, <br><br> v. <br><br> TOYOTA OF NORTH AMERICA; AL MAZOON USED CARS TR, LLC, <br><br> Defendants. | Case No. CV 13-04043 DDP (PJWx) <br><br> **ORDER REMANDING CASE** |

On June 4, 2013, Plaintiffs, represented by counsel, filed the instant products liability suit in Imperial County Superior Court. On June 5, 2013, Plaintiffs removed to this court on the basis of diversity jurisdiction.

Portions of the complaint are unintelligible, and appear to refer to unrelated matters. (E.g., Complaint ¶ 26, 29.)[1] In any event, it is well settled that "[t]he right to remove a state court

---

[1] Though the Complaint names Defendant Al Mazoon Used Cars TR, LLC, there are no factual allegations regarding this defendant. Instead, the Complaint includes allegations against Roger's and Roger's Toyota, an unnamed party that appears to be a California citizen.

case to federal court is clearly limited to defendants." <u>Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1260 (9th Cir. 1988); 28 U.S.C. § 1441(a).  A plaintiff cannot remove a state court action to federal court, even if he could have originally filed in federal court.  <u>Id.</u>

Furthermore, it is clear from the face of the complaint that Plaintiffs could <u>not</u> have originally brought this action in federal court.  Plaintiffs allege that this court has diversity jurisdiction over this matter.  A federal court may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "[T]he presence of a single plaintiff from the same State as a single defendant deprives the district court of original jurisdiction."  <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 533 (2005).  The complaint alleges that Plaintiff and Defendant Toyota North America, Inc. are both citizens of California.  (Compl. ¶¶ 27, 33.)  The parties are, therefore, not completely diverse, and this court has no jurisdiction over this matter.

For these reasons, this case is REMANDED to the Superior Court of California, County of Imperial.

IT IS SO ORDERED.

Dated: June 11, 2013

DEAN D. PREGERSON
United States District Judge

2